**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CLIVE MORRISON,<br>    Plaintiff,<br>            v.<br>HON. ANTONY J. BLINKEN, *Secretary of State of the United States*,<br>    Defendant. | Civil Action No.<br>1:23-cv-00477-SDG |

**OPINION & ORDER**

This matter is before the Court on a frivolity review of Plaintiff Clive Morrison's Petition for Writ of Mandamus (the Petition) and Motion for Temporary Restraining Order (the Motion) pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the case is **DISMISSED WITHOUT PREJUDICE** and the Motion [ECF 1] is **DENIED AS MOOT**.

**I.    BACKGROUND**

The Petition is long and vague. As best the Court can tell, Morrison appears to have paid for and submitted a passport application and received a reply letter requesting additional documentation to proceed.[1] The reply letter requested certain items from Morrison to verify his citizenship so that the United States

---

[1]    ECF 1, ¶¶ 15–16.

Department of State could process his application.[2] Morrison alleges that some or all of the requested records are unobtainable because they are in Canada, and he requires a passport to travel to Canada.[3] Further, Morrison contends that, without these records, he has no way to obtain a passport.[4]

Morrison filed the instant Petition on December 19, 2022.[5] Proceeding *pro se* and *in forma pauperis*,[6] Morrison seeks a writ of mandamus as well as declaratory and injunctive relief compelling U.S. Secretary of State Antony Blinken to adjudicate his passport application,[7] apparently because of the Government's alleged due process and Administrative Procedures Act violations.[8] Morrison seems to believe that in the event his passport application is adjudicated final, it will be denied, and he will have a claim under Section 1503 of the Immigration and Naturalization Act. 8 U.S.C. § 1503.[9]

---

[2]   ECF 1-2.

[3]   ECF 1, ¶ 18.

[4]   *Id.* ¶ 19.

[5]   ECF 1.

[6]   ECF 7.

[7]   ECF 1, ¶ 22.

[8]   *See id.* ¶¶ 31–37, 38–48.

[9]   *Id.* ¶ 26.

**II.     LEGAL STANDARD**

An action brought by a plaintiff proceeding *in forma pauperis* must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998); *see also Ahumed v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)). In this instance, the first two prongs of section 1915(e)(2)(B) are clearly implicated.

The Court recognizes that Morrison is appearing *pro se*. Thus, it must construe the Petition leniently, and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a *pro se* plaintiff must nevertheless comply with the applicable law and the Court's rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Even leniently construed, Morrison's Petition runs afoul of various procedural rules, is frivolous, and fails to state a claim.

### III. DISCUSSION

#### A. Frivolity and Subject Matter Jurisdiction

Frivolousness review "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327).

To compel the Government's adjudication of his passport application, Morrison invokes the Administrative Procedure Act (APA) and the Mandamus Act. The APA authorizes suit by a person suffering a legal wrong because of agency action or inaction. 5 U.S.C. § 702. Similarly, the Mandamus Act provides

that district courts have original jurisdiction to compel officers or employees of the United States or any agency thereof to perform nondiscretionary duties owed to a plaintiff. 28 U.S.C. § 1361. Both are extraordinary measures. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 67 (2004) ("The prospect of pervasive oversight by federal courts over the manner and pace of agency compliance with . . . congressional directives is not contemplated by the APA."); *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (Mandamus "is intended to provide a remedy for a plaintiff . . . only if the defendant owes him a clear nondiscretionary duty."). As such, relief under either the APA or the Mandamus Act is warranted only when no other adequate remedy is available. *Cash*, 327 F.3d at 1258 (discussing the Mandamus Act); *Tex. Health Choice, L.C. v. United States OPM*, 2004 WL 3266033, at *5 (E.D. Tex. Feb. 10, 2004) (discussing the APA).

From the face of the Petition and its attachments, Morrison has adequate alternative remedies to seek relief. For example, the mere fact that Morrison asks for relief under the APA and Mandamus Act in the alternative to each other and to his due process claim is evidence that other adequate procedures exist.[10] *See*

---

[10]   ECF 1, ¶ 34. Morrison concedes that "mandamus relief is not available where there is a remedy at law, and some courts find that APA relief is such a remedy."

*Benzman v. Whitman*, 523 F.3d 119, 124, 132–33 (2nd Cir. 2008) (affirming the lower court's dismissal of the mandamus count "on the ground that the APA count . . . provided the [p]laintiffs with an adequate remedy. . . ."). Even more compelling is that the U.S. Department of State appears to offer DNA testing as an alternative means to determine certain blood relationships and verify citizenship "[i]f early documents are unavailable."[11] Morrison has not pled, for example, that this alternative means to complete his passport application is unavailable to him for any reason that merits mandamus or injunctive relief, or that this alternative means is somehow unlawful. Without such an allegation, the Court can only conclude that Morrison's passport application stalemate is a problem of his own making, not a result of the U.S. Department of State's delinquent administration of his passport application. Considering these alternatives, the Court has no jurisdiction over Morrison's APA and Mandamus Act claims.

Even accepting *arguendo* that this stalemate is a "final agency action"[12] constituting a concrete injury to Morrison, relief under the Mandamus Act and the

---

[11] ECF 1-2, at 3.

[12] Other courts have held that an agency's failure to act is tantamount to an adverse agency action. *See ONRC Action v. Bureau of Land Mgmt.*, 150 F.3d 1132, 1137 (9th Cir. 1998) ("A court's review of an agency's failure to act has been referred to as an exception to the final agency action requirement.").

APA is still inappropriate. In this case, 8 U.S.C. § 1503(a) would be "more than adequate" to provide the same relief as the Mandamus Act and the APA. *Zaidan v. Tillerson*, 2018 WL 3769966, at *2 (E.D.N.Y. Aug. 9, 2018). So, Morrison's Mandamus and APA claims for relief must be dismissed. *See Esparza v. Clinton*, 2012 WL 6738281, at *1 (D. Or. Dec. 21, 2012) (dismissing plaintiff's APA claim because alternative adequate relief existed under Section 1503); *Hassan v. Holder*, 793 F. Supp. 2d. 440, 446 (D.D.C. 2011) (dismissing Mandamus Act and APA claims because adequate relief existed under Section 1503).

Regarding Morrison's due process claim, the calculus is simple. If the passport application stalemate is, as the Court views it, a result of Morrison's failure to exercise alternative means to comply with the U.S. Department of State's passport application process, then there can be no due process violation. If, on the other hand, the stalemate is the U.S. Department of State's fault and constitutes a final agency action, the availability of Section 1503 renders Morrison's due process claim frivolous.

Section 1503 provides district courts with jurisdiction to hear cases where an individual claims to have been denied a right or privilege as a United States citizen. 8 U.S.C. § 1503(a). Individuals whose passports have been denied may invoke Section 1503 to seek judicial review. Therefore, Morrison would be

afforded all the process to which he is entitled by virtue of a suit under this section. *See Xia v. Kerry*, 73 F. Supp. 3d. 33, 45 (D.D.C. 2014) ("[T]o be afforded due process and obtain a lawful passport . . . . seems to be exactly the opportunity Section 1503 offers . . . ."); *see also Holley v. Blinken*, 2022 WL 951369, at *6 (D.N.J. Mar. 30, 2022) ("[B]ecause it has not yet been adjudicated . . . section 1503(a), not the Fifth Amendment, is the appropriate avenue through which [p]laintiff may challenge her passport denial."); *cf. Castro v. Freeman*, 2011 WL 11535494, at *12 (S.D. Tex. Nov. 22, 2011) (discussing the interplay between due process, mandamus, and APA relief, and concluding that an individual's due process rights are not violated where the Government denied a U.S. passport because the individual can seek judicial review under Section 1503).

For these reasons, the Court has no subject matter jurisdiction over Morrison's case; it is frivolous and due to be dismissed.

B. **Failure to State a Claim**

Even if Morrison's Petition was not frivolous, it fails to state a claim because it is entirely conclusory. The Petition does not present well-pled facts that transform it from merely possible to plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–67 (2007)). While the Federal Rules of Civil Procedure do not require specific facts to be pleaded for

every element of a claim or that claims be pleaded with precision, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (internal citations omitted). A plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Morrison's Petition is full of disconnected, conclusory statements of law and fact. Aside from the bare assertions that Morrison has been "denied due process and liberty" because he "cannot access records located in Canada" and that there is "no other adequate remedy available," Morrison fails to supply facts regarding how he was denied due process, which documents that are needed for his passport application he does or does not possess, and whether he exhausted all means for approval of his passport application.[13] Furthermore, since each claim incorporates by reference the deficient allegations supporting the preceding claim, in typical shotgun pleading fashion, the Petition fails to state a claim and is due to be

---

13   ECF 1, at 7–8.

dismissed. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (noting that pleadings containing multiple counts where each count adopts the allegations of all preceding counts are impermissible).

## IV.   CONCLUSION

This case is **DISMISSED WITHOUT PREJUDICE** and the Motion for Temporary Restraining Order [ECF 1] is **DENIED AS MOOT.** Within 14 days of entry of this Order, Morrison may file a petition that seeks to correct the issues outlined in this Order. Morrison is **ADVISED** that failure to timely file an amended petition shall result in the closure of this case.

The Clerk of Court is **DIRECTED** to resubmit this Order to undersigned in 14 days.

**SO ORDERED** this 13th day of July, 2023.

Steven D. Grimberg
United States District Court Judge